IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 05-cr-00277-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICHARD LEE CANADA,

    Defendant.

## ORDER ON MOTIONS FOR RETURN OF PROPERTY

Miller, J.

    This matter is before me on Defendant's Motions for Return of Property (ECF Nos. 77, 78, & 79). For the reasons that follow, the motions shall be denied.

    Defendant was convicted and sentenced in this court on charges arising out of a series of bank robberies. At the time of his arrest approximately $1994 in currency was recovered. Defendant previously moved for return of this property. I granted it in part, finding that the money was his but determining that the funds should not be returned to him; rather, the money should be applied to his restitution obligation. ECF No. 51. Defendant has moved again for the return of the money under Fed. R. Crim P. 41(g), arguing that my order amounted to an improper forfeiture order and an unlawful seizure of his property.

    I will deny Defendant's motion. It is well established that an order of restitution is not the same as an order of forfeiture. *United States v. McGinty*, 610 F.3d 1242, 1247 (10th Cir. 2010) (noting that forfeiture and restitution are distinct remedies). Defendant

has cited no authority to show that I was required to follow the procedures of Fed. R. Crim. P. 32.2 to apply property recovered in evidence to Defendant's restitution obligation.  By contrast, the government has cited a persuasive case from the Ninth Circuit holding that a valid restitution order gives the government a sufficient claim of ownership to defeat a motion for return of property, where the property was needed to satisfy a restitution order.  *United States v. Mills*, 991 F.2d 609 (9th Cir. 1993) (noting that a restitution order under 18 U.S.C. § 3663 gives the government a lien on the defendant's property).

Defendant does not respond to this argument in his reply brief other than to note that Ninth Circuit authority is not binding on this court.  Given that the relevant statutes are binding and the reasoning is persuasive, I conclude that the *Mills* analysis should apply here.  Moreover, as noted by the government, under 18 U.S.C. 3664(n), even if the currency were returned to Defendant, he would nonetheless be required to apply it to the restitution still owed.  *Id.*  ("If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.").

Defendant has not shown that my order applying his property to his restitution obligation was contrary to law.  Accordingly, his motions for return of property are

denied.

DATED at Denver, Colorado, on August 1, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge